Filed 8/29/25  P. v. Blahut CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL EDWARD BLAHUT,<br><br>        Defendant and Appellant. | A172093<br><br>(Mendocino County<br>Super. Ct. No. 24CR04526) |

Defendant Michael Blahut was sentenced to two years in county jail after a jury convicted him of one count of felony vandalism under Penal Code section 594, subdivision (b)(1).  His appellate counsel has asked this court for an independent review of the record to determine whether there are any arguable issues.[1]  (*People v. Wende* (1979) 25 Cal.3d 436.)  Blahut was informed of his right to file a supplemental brief and did not do so.  We conclude there are no arguable issues and affirm.

The evidence presented at Blahut's trial supports his conviction.  The information alleged that on or about May 31, 2024, Blahut maliciously defaced, damaged, or destroyed a traffic sign that did not belong to him, causing at least $400 in damage.  At trial, a construction foreman testified

---

[1] Blahut's appellate counsel successfully requested that the trial court correct the abstract of judgment, which originally included a restitution fine the court had stayed.

1

that on May 31, he was overseeing a project on Highway 101 between Cloverdale and Hopland that required closing two lanes. That afternoon, another worker reported that a man on foot was "throwing all the cones and delineators off the side of the highway."[2] The foreman alerted a California Highway Patrol sergeant who was assigned to provide security for the project. The two men then drove to where the pedestrian was reported to be.

The sergeant and the foreman located a man, later identified as Blahut, standing on a trailer to which a tall electronic road sign was affixed. Blahut's hands were reaching up toward the sign. When Blahut saw the sergeant approaching, he "quickly jumped off of the equipment" and started "walking rapidly" toward oncoming traffic. The sergeant turned on his patrol car's lights and siren, and Blahut immediately stopped and put up his hands. Blahut had metal wire cutters and a crescent wrench in his pockets and a backpack and sleeping bag in his possession. He told the sergeant that "he was walking to Ukiah and . . . wasn't able to get a ride because of the construction zone."

A power cable for the electronic road sign toward which Blahut was seen reaching had been cut, and the sign no longer worked. Several other pieces of equipment had also been tampered with, including by having their wires cut, being disassembled, and being thrown off the side of the road. The equipment, which was essential to the workers' safety, was checked roughly once an hour, and it was all in place and functioning before Blahut was observed on the scene. Invoices and testimony established that the construction company paid well over $4,000 for the damage to the equipment, which was rented from other companies.

---

[2] Delineators "serve[] the same purpose as a cone" but are cylindrical and are glued to the ground, making them more permanent.

Blahut waived his right to jury trial on the four aggravating circumstances alleged, that: (1) the crime involved a taking or damage of great monetary value; (2) his convictions were numerous or of increasing seriousness; (3) he had served a prior prison or jail term; and (4) his prior performance on supervised release was unsatisfactory.[3] The trial court found the great-monetary-value circumstance not true and the remaining circumstances true beyond a reasonable doubt. In October 2024, it denied probation and mandatory supervision and sentenced Blahut to the midterm of two years in jail under Penal Code section 1170, subdivision (h).

There are no potentially meritorious issues to be argued on appeal. Blahut was represented by counsel below, substantial evidence supports his conviction, and no error appears in the jury instructions or in the sentencing proceedings.

The judgment is affirmed.

---

[3] The aggravating circumstances were alleged under California Rules of Court, rule 4.421(a)(9), (b)(2), (b)(3), and (b)(5), respectively. The information also alleged that Blahut had a prior strike conviction, but the allegation was later dismissed on the People's motion.

_____

Humes, P.J.

WE CONCUR:


_____

Langhorne Wilson, J.


_____

Smiley, J.

*People v. Blahut*  A172093